

**R23 LAW APC**
Peng Shao (319624)
Peng@R23Law.com
Hoosai Kabiri (319400)
Hoosai@R23Law.com
633 West Fifth St. 26th Floor
Los Angeles, CA 90071
Tel:   888-533-2948
Fax:  415-558-0230

*Attorneys for Plaintiff Harley Crowell*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARLEY CROWELL**, an individual;<br><br>Plaintiff,<br><br>v.<br><br>**USAA FEDERAL SAVINGS BANK; EXPERIAN INFORMATION SOLUTIONS INC; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC;** and **DOES 1 to 50,** inclusive;<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. FAIR CREDIT REPORTING ACT;<br>2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;<br>3. CALIFORNIA IDENTITY THEFT ACT;<br>4. INTRUSION UPON SECLUSION;<br>5. FAIR DEBT COLLECTION PRACTICES ACT;<br>6. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES



Plaintiff HARLEY CROWELL ("Plaintiff"), an individual files this Complaint and Demand for Jury Trial against Defendants USAA FEDERAL SAVINGS BANK ("USAA"); EXPERIAN INFORMATION SOLUTIONS INC ("Experian"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); TRANSUNION, LLC ("TransUnion"); and DOES 1 to 50, inclusive (collectively "Defendants"), and based on information and belief, hereby alleges and complains as follows:

## INTRODUCTION

1. This is an identity theft action involving a fraudulent vehicle purchase and the related fraudulent loan for the vehicle.

2. Plaintiff is a 26-year-old veteran. She had exemplary credit history, lives a modest life, and had her identity stolen by her ex-husband who fraudulently purchased a vehicle under her name.

3. In April 2020, Plaintiff's ex-husband fraudulently obtained a $18,000 auto loan from Defendant USAA for the purchase of a vehicle under Plaintiff's name. (the "Loan" or the "Account.")  Plaintiff was not aware of this transaction and did not consent to her involvement in the loan.

4. Plaintiff discovered this fraudulent Loan while reviewing her credit reports in 2024.

5. Following this discovery, Plaintiff contacted and formally disputed the fraudulent Loan with Defendants multiple times — but was either ignored or informed that no corrective action would be taken.

6. Despite providing all necessary documentation, including the police report and FTC affidavit, Defendants have refused to acknowledge the fraudulent nature of the Account or remove it from Plaintiff's credit report.

7. As a result of this fraudulent activity and Defendants' actions, Plaintiff has suffered significant harm, including damage to her creditworthiness, emotional distress, and financial loss.

8. Plaintiff now brings this action for violations of (1) the Fair Credit



Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"); (2) the California Consumer Credit Reporting Agencies Act (the "CCRAA"), *Cal. Civ. Code* § 1785.25 *et seq.*; (3) the California Identity Theft Act (the "CITA"), *Cal. Civ. Code* § 1798.92 *et seq.*; (4) Intrusion Upon Seclusion; (5) the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*; and for (6) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), *Cal. Civ. Code* § 1788.2 *et seq.*

9. Plaintiff seeks actual, statutory, civil, and punitive damages for the harm that she has suffered.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to federal causes of action under 15 U.S.C. § 1681, and under 28 U.S.C. § 1332 due to diversity of citizenship.

11. Jurisdiction is proper in this Court because the amount in controversy exceeds the jurisdictional minimum of this Court, and this case involves the violation of Federal statutes.

12. Because all Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff Harley Crowell is a natural person and current resident of San Bernardino County, California.

15. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c); 15 U.S.C. § 1681a(c); and, 15 U.S.C. § 1692a(3).

16. Plaintiff is also a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

17. Defendant USAA is a financial services company operating from the State of Texas, doing business in the State of California as an information furnisher to consumer reporting agencies, a debt collector, and as a provider of financing solutions for vehicle purchases.

18. Defendant USAA is also a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a); engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

19. CRA Defendants Experian, Equifax, and TransUnion are business entities, doing business in the State of California as "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs"), and a "consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(d). Defendants receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers.

20. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

21. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the CCP § 474. Plaintiff is informed and believes, and thereon alleges that each Named Defendant and each Defendant designated as a Doe is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all

subsequent proceedings, and that this action may proceed against them under their true names.

22. This action involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

23. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

24. Plaintiff Harley Crowell is a 26-year-old veteran that used to have exemplary credit history.

25. Plaintiff is also a victim of identity theft.

26. In April 2020, Plaintiff's ex-husband fraudulently signed Plaintiff's name as a co-signer on an $18,000 auto loan with Defendant USAA for the purchase of a vehicle.

27. Plaintiff was unaware of the transaction and did not consent to her involvement in the Loan.

28. Plaintiff initially discovered the fraudulent Loan in December 2021 while reviewing her credit report.

29. Plaintiff's ex-husband then misled her into believing the matter had been resolved and that he would remove her name and pay off the Loan.

30. However, Plaintiff's ex-husband lied again and did not actually resolve the matter.

31. Plaintiff then discovered this fraudulent Loan still exists and is being reported under her name while reviewing her credit reports in 2024.

32. On October 1, 2024, Plaintiff filed an official police report with the San Diego Police Department, where she used to reside and was a residence of during all relevant times. The report was assigned case number 24040603 (the "Police Report").

33. On October 8, 2024, Plaintiff also filed an FTC Identity Theft Affidavit to further document the fraudulent activity. The assigned FTC Report Number is 178255367 (the "FTC Affidavit").

34. To mitigate further damage, Plaintiff immediately informed Defendants regarding the fraudulent nature of the Loan.

35. However, Defendants failed to properly investigate or apply any corrective action.

36. On or about October 17, 2024, Plaintiff sent the first set of formal written disputes to all Defendants via certified mail with proof of delivery (the "Initial Disputes").

37. Plaintiff included supporting evidence with the Initial Disputes, including the FTC Identity Theft Affidavit and the Police Report.

38. All Defendants received Plaintiff's Initial Disputes. However, they failed to take appropriate action to address the identity theft.

39. On or about November 20, 2024, Plaintiff sent the second set of formal written disputes to all Defendants via certified mail with proof of delivery (the "Secondary Disputes"). The Secondary Disputes reiterated Plaintiff's request to remove the fraudulent accounts and correct her credit reports.

40. Despite receiving multiple formal disputes with ample evidence, all Defendants failed to properly investigate and/or reinvestigate.

41. Defendants have not removed the fraudulent Account from Plaintiff's credit reports, and refuses to delete the Account fraudulently placed under Plaintiff's



name.

42. Despite receiving notice of Plaintiff's disputes along with ample documentation regarding her multiple disputes, Defendants failed or refused to conduct a proper investigation and/or reinvestigation, and failed or refused to block or delete the fraudulent Account.

43. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit reports. Despite the insistence of Plaintiff, Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

44. Defendants' violations are continuous. Plaintiff has repeatedly sought to have the fraudulent accounts removed from her credit reports. her efforts have included letters, calls, emails, police reports and FTC affidavits. Despite her continuing efforts, Defendants have repeatedly failed or refused to remove the fraudulent and identity theft Account from her credit reports.

## ACTUAL DAMAGES

45. As a result of Defendants' unlawful actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment, as well as physical manifestations of these emotional states. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

## **FIRST CAUSE OF ACTION**

Violation of the Fair Credit Reporting Act (FCRA)

*[Against All Defendants]*

46. Plaintiff hereby re-alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

47. Plaintiff is a "consumer" as this term is defined by 15 U.S.C. § 1681a(c) of the FCRA. Defendants are "consumer reporting agenc[ies]" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

48. Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

    a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

    b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

    c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

    d. By willfully and negligently failing to conduct an adequate investigation or reinvestigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

    e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

    f. By failing to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of Plaintiff's request for that information;

    g. By failing to provide the furnishers with all the relevant information regarding Plaintiff's disputes;



h. By failing to review and consider all relevant information submitted by Plaintiff in her disputes;

i. By failing to promptly delete the inaccurate and incomplete items of information from Plaintiff's credit files or modify the items of information such that they were no longer inaccurate or incomplete;

j. By failing to provide Plaintiff with a description of the procedure used to determine the accuracy and completeness of the disputed credit information within 15 days of receiving Plaintiff's request;

k. By failing include Plaintiff's 100 word statement in Plaintiff's credit report with respect to each of the disputed accounts;

l. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies.

49. Plaintiff alleges that Defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the FCRA, for every willful violation of the FCRA, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney's fee.

### SECOND CAUSE OF ACTION

<u>Violation of the Cal. Consumer Credit Reporting Agencies Act (CCRAA)</u>

*[Against All Defendants]*

51. Plaintiff hereby alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth

fully herein.

52. Plaintiff is a "consumer" as defined by *Cal. Civ. Code* § 1785.3(b).

53. Defendants are each a furnisher of information to credit reporting agencies, and a "person" as defined by *Cal. Civ. Code* § 1785.3(j).

54. The foregoing acts and omissions, and the continued reporting by the Defendants, after receiving ample notice of the falsity of the alleged Accounts, violates *Cal. Civ. Code* § 1785.25.

55. Plaintiff alleges that the Defendants lack reasonable procedures to prevent the violations alleged above and similar violations.

56. Defendants should have determined that their reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

57. On one or more occasions within the two years prior to the filing of this action, Defendants violated the CCRAA by failing to promptly allow Plaintiff to visually inspect a decoded written version all information in Plaintiff's file at the time of Plaintiff's request for that information.

58. Plaintiff has suffered both general and special damages according to proof. In addition, Plaintiff contends that the Defendants willfully violated the California Consumer Credit Reporting Agencies Act by continuously furnishing and reporting credit information which was known, or which should have been known, to have been inaccurate and incomplete.

59. In addition to general and special damages according to proof, Plaintiff seeks the maximum prescribed statutory penalty against the Defendants for each and every separate violation of the California Consumer Credit Reporting Agencies Act.

60. The conduct, actions and inactions by Defendants were willful, rendering Defendants liable for punitive damages in an amount of up to $5,000 for <u>each</u> violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative, Defendants were negligent entitling the Plaintiff to

recover under Cal. Civ. Code § 1731(a)(1).

61. Plaintiff also seeks attorney's fees and costs from the Defendants.

### THIRD CAUSE OF ACTION

Violation of the California Identity Theft Act (CITA)

*[Against All Defendants]*

62. Plaintiff hereby alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

63. As detailed above, Plaintiff is a "Victim of Identity Theft" as that term is defined by *Cal. Civ. Code* § 1798.92(d).

64. Defendants are each a "Claimant" as that term is defined by *Cal. Civ. Code* § 1798.92(a).

65. In continuing credit reporting and debt collection activities against Plaintiff after shehad reported to them the identity theft situation and after providing them with a police report, the Defendants willfully violated the California Identity Theft Act, *Cal. Civ. Code* § 1798.92 *et seq*.

66. Based on Plaintiff's multiple detailed written disputes to Defendants, Defendants failed to diligently investigate and/or reinvestigate Plaintiff's notification that sheis a victim of identity theft.

67. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Act. In addition, Plaintiff alleges that Mosaic and DOE Defendants, violated *Cal. Civ. Code.* § 1798.93(c)(6), thereby entitling her to a $30,000.00 statutory penalty, in addition to any other damages which may be assessed.

///

///

///

# FOURTH CAUSE OF ACTION

Intrusion Upon Seclusion

[*Against All Defendants*]

68. Plaintiff hereby alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

69. The foregoing acts and omissions constitute numerous and multiple instances of inclusion upon seclusion.

70. Defendants intentionally intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

71. This intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

72. The intrusion caused Plaintiff to sustain injury, damage, loss, and harm.

73. Defendants penetrated a zone of physical or sensory privacy surrounding Plaintiff and obtained unwanted access to data regarding Plaintiff.

74. Plaintiff had an objectively reasonable expectation of seclusion or solitude in the data source.

75. The actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices regardless of the validity of the debt.

76. In pursuing their egregious, and unlawful conduct against Plaintiff, Defendants are guilty of oppression, fraud, and malice as defined by *Cal. Civ. Code* §§ 3294(c)(1), (2), (3).

# FIFTH CAUSE OF ACTION

Violation of the Fair Debt Collection Practices Act (FDCPA)

[*Against All Defendants*]

77. Plaintiff hereby alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth

COMPLAINT FOR DAMAGES

fully herein.

78. Defendant is a "debt collector" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(6), as they regularly engage in the collection of consumer debts, including the Account.

79. Defendant violated the FDCPA by continuing to collect on the Alleged Debt, and by continuing to contact Plaintiff, after receiving (1) express written dispute regarding the validity of the Alleged Debt and (2) explicit written notice to cease further contact, without a valid legal basis to do so.

80. Defendant further violated the FDCPA, 15 U.S. Code § 1692e by making a false or misleading representation regarding reports to the United States Internal Revenue Service.

81. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

82. Defendant's conduct constitutes unfair and unlawful debt collection practices in violation of the FDCPA, 15 USC § 1692, *et seq*.

83. As a direct and proximate result of the intentional, willful, and/or reckless violations of the FDCPA by Defendant, Plaintiff has suffered damages, including emotional distress, damage to his credit, and economic harm.

84. Alternatively, Plaintiff alleges that Defendant's conduct was negligent.

85. Plaintiff is entitled to actual damages in an amount to be proven at trial, statutory penalties, punitive damages, attorney's fees and costs, as well as any other relief the Court deems just and proper.

### SIXTH CAUSE OF ACTION

Violation of the Rosenthal Fair Debt Collection Practices Act (RFDCPA)

*[Against All Defendants]*

86. Plaintiff hereby alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth

fully herein.

87. Defendant is a "debt collector" as defined by the Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code § 1788.2(c), as they regularly engage in the collection of consumer debts, including the Alleged Debt.

88. Defendant violated the RFDCPA by continuing to collect on the Alleged Debt, and by continuing to contact Plaintiff, after receiving (1) express written dispute regarding the validity of the Alleged Debt and (2) explicit written notice to cease further contact, without a valid legal basis to do so.

89. Defendant also violated the RFDCPA, Cal. Civ. Code § 1788.11(f) by sending a written communication to Plaintiff that does not display their California debt collection license number in at least 12-point type.

90. Defendant further violated the RFDCPA, Cal. Civ. Code § 1788.17 by way of 15 U.S. Code § 1692e by making a false or misleading representation regarding reports to the United States Internal Revenue Service.

91. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

92. Defendant's conduct constitutes unfair and unlawful debt collection practices in violation of the RFDCPA, California Civil Code § 1788 *et seq*.

93. As a direct and proximate result of the intentional, willful, and/or reckless violations of the RFDCPA by Defendant, Plaintiff has suffered damages, including emotional distress, damage to his credit, and economic harm.

94. Alternatively, Plaintiff alleges that Defendant's conduct was negligent.

95. Plaintiff is entitled to actual damages in an amount to be proven at trial, statutory penalties, punitive damages, attorney's fees and costs, as well as any other relief the Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, and each



of them, as follows:

1. For declaration that Defendants' practices violate the law;
2. For actual, compensatory, special, and general, damages in an amount according to proof;
3. For punitive damages in an amount according to proof;
4. For statutory penalties and punitive damages for each separate statutory violation where allowed by statute;
5. For pre- and post- judgment interest;
6. For reasonable attorney's fees and costs;
7. For injunctive relief as applicable; and
8. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

DATED: January 1, 2025

BY: _____
Peng Shao, ESQ

**R23 LAW APC**
Peng Shao
peng@R23Law.com

*Attorney for Plaintiff Harley Crowell*



**ELECTRONICALLY STORED INFORMATION REQUEST**

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.